Mr. Justice SWAYNE
delivered the opinion of the court:
1. As respects the question objected to and overruled. Until cross-examined by the defendants’ counsel, the witness said nothing responsive to the question objected to. No objection appears in the record to the testimony which he gave. This is a sufficient answer to the exception. But if the testimony which the question sought to elicit had been given, its admission would not have been an error. The fourth count *368 averred that the plaintiffs “ carried on the business of calico printers, and as such required for their use and were accustomed to use the best Dutch madder, and that the defendants, by falsely representing the madder in question to be fit for use in that business, and well knowing that it was bought by them for use in their business, sold it to the plaintiffs, whereas,” &c. An answer to the question would have been directly applicable to this count. It would have tended to prove the kind of madder used by the plaintiffs. It was not necessary that it should be sufficient for that purpose. If such were its tendency — if it were “ a link in the chain of proof,” it was within the sphere of competency, while its effect was for the consideration of the jury.
2. The testimony being closed, the counsel for the defendants asked the court to instruct the jury as follows. (His Honor here stated the requests as given, ante, pp. 359-60.)
The exceptions to the first two instructions asked were properly abandoned at the argument in this court. They affirm propositions which are not legal truths.
The ancient remedy for a false warranty was an action on the case sounding in tort. Stuart v. Wilkins (1 Douglas, 18); Williamson v. Allison (2 East, 447). The remedy by assumpsit is comparatively of modern introduction. In Williamson v. Allison, Lord Ellenborough said it had “ not prevailed generally above forty years.” In Stuart v. Wilkins, Lord Mansfield regarded it as a novelty, and hesitated to give it the sanction of his authority. It is now well settled, both in English and American jurisprudence, that either mode of procedure may be adopted. Whether the declaration be in assumpsit or tort it need not aver a scienter. And if the averment be made it need not be proved.*
One of the considerations which led to the practice of declaring in assumpsit was that the money counts might be *369 added to the spécial counts upon the warranty.* If tlie declaration be in tort, counts for deceit may be added to the special counts, and a recovery may be had for the false warranty or for the deceit, according to the proof. .Either will sustain the action.†
The third instruction affirms that the broker by whom the madder was sold had no power to give any warranty.
Authority, without restriction, to an agent to sell, carries with it authority to warrant.‡
The sixth instruction refers to the memorandum upon the bill of the madder transmitted by the broker who made the sale, from New York, on the 28th of April, 1856, to the plaintiffs at Providence, Rhode Island. The sale was entered on the broker’s books on the 17th of that month. It was made previously to one of the defendants. The broker says in his testimony, “ The price named was llj cts. per pound for 100 casks, without knowing the amount contained in them; he said he would take it, and I said he should have it. The price was fixed by the defendants.” The contract between the parties thus became complete, and nothing done subsequently by the defendants or their agent could affect the rights of the plaintiffs.
The fourth and fifth instructions sought in effect to take the case from the jury. A Circuit Court has “ no authority to order a peremptory nonsuit against the will of the plaintiff.”§ Where there is no dispute about facts, and the law arising upon them is conclusive against the right of the plaintiff to recover, it is proper for the court so to instruct the jury.|| If the evidence be not sufficient to warrant a recovery, it is the duty of the court to instruct the jury accord *370 ingly. “ This is equivalent to a demurrer to the evidence, and such an instruction ought to be given whenever the evidence is not legally sufficient to serve as the foundation of a verdict for the plaintiff.”* This practice “ has in many of the States superseded the ancient practice of a demurrer to evidence. It answers the same purpose and should be tested by the same rules. A demurrer to evidence admits not only the facts stated therein, but also every conclusion which a jury might fairly or reasonably infer therefrom.”†
Where the evidence, or any part of it, if believed by the jury, is decisive of the case, it is proper for the court to instruct the jury to that effect.‡
In order to determine whether the court erred in refusing to give the fourth and fifth instructions, it will therefore be necessary to consider the state of the evidence before the jury.
At the time of the sale the agent produced a sample bottle. There was but one for the one hundred casks of madder. It was usual to have one for each cask. The broker was instructed by his principals not to allow the bottle to be opened, because the contact of the atmosphere would injure the appearance of the sample which it contained, and he acted accordingly. The arrival of the sample preceded the arrival of the casks from abroad. The sale was to be made and was in fact made by that sample. The agent says in his testimony, “ The sample was very handsome to look at.” “ The conversation carried the idea that it was very handsome madder.” There was no sand in the bottle. The sale was made at Providence, Rhode Island. The casks were at that time in New York, and it seems from the evidence still on shipboard. The plaintiffs had no opportunity to examine their contents. The transaction was a large one. The vendees had no means of forming a judgment of the quality of the madder in the casks but from the appearance of that in the bottle, which they were not allowed to open. Prom these facts we think the jury were well warranted in drawing *371 tlie inference that it was the understanding of the vendees that they were buying under a warranty that the quality of the madder in the casks was equal to that of the sample in the bottle, and that the agent of the vendors intended to be understood as giving such a warranty. It is hardly credible in the presence of such facts that the understanding and intention of the parties could have been otherwise.
But it is not necessary that the state of the evidence should have been such as necessarily to lead to this conclusion. It is enough that there was evidence upon the subject proper to be left to the consideration of the jury. If the jury erred, the remedy was by a motion for a new trial, and not by a writ of error. This part of the case was argued as if such a motion were before us. The rules of law which would be applicable in that event are very different from those which apply as the case is presented. A motion for a new trial in the courts of the United States is addressed to the sound discretion of the tribunal which tried the case, and to grant or refuse it cannot be made the subject of exception.* Here the question is, whether the court erred in refusing to take the case from the jury. Upon that subject we concur in the opinion of the learned judge who tried the cause. If a motion for a new trial were before us we should overrule it. In our opinion right and justice have been done. The judgment below is
Affirmed with costs.

 Williamson v. Allison, 2 East, 446; Gresham v. Postan, 2 Carrington and Payne, 540; Brown v. Edgington, 2 Manning and Granger, 279; Holman v. Dord, 12 Barbour, S. C., 336; House v. Port, 4 Blackford, 293; Trice v. Cockran, 8 Grattan, 449; Laseter v. Ward, 11 Iredell, Law, 443.

 Williamson v. Allison, 2 East, 451.

 Vail v. Strong, 10 Vermont, 457; Brown v. Edgington, 2 Manning and Granger, 279.

 Andrews v. Kneeland, 6 Cowen, 354; The Monte Allegre, 9 Wheaton, 616.

 Elmore v. Grymes, 1 Peters, 469; D’Wolf v. Rabaud, Id., 476; Crane v The Lessee of Morris and Astor, 6 Id., 598.

 Toland v. Sprague, 12 Id., 300.

 Parks v. Ross, 11 Howard, 362.

 Bliven v. New England Screw Co., 23 Id., 433.

 Id., 373.

 Brown v. Clarke, 4 Howard, 15.